## Turner, Appellant, *v.* Siegler.

*Judgment—Assignment of judgment—Striking off assignment—Evidence.*

An assignment of a judgment for $32.00 will not be stricken off twenty years after it was made and filed of record, where the plaintiff cannot deny that he executed it, and can only say that he had never received anything for it, without explaining how he happened to execute it, while the assignee states that he was attorney for the assignor in procuring the judgment, that the plaintiff expressed his dissatisfaction of the fact that the judgment had not been collected and that in consequence, the assignee took over the claim himself and paid the plaintiff full value for it.

Argued March 3, 1913.    Appeal, No. 11, March T., 1913, by plaintiff, from order of C. P. Luzerne Co., Dec. T., 1890, No. 527, discharging rule to strike off assignment of judgment in case of C. S. Turner & Co. v. Simon Siegler. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Rule to strike off assignment of judgment.
The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule to strike off the assignment of the judgment.

*W. Alfred Valentine,* for appellant.

*S. S. Herring,* for appellee.

OPINION BY HEAD, J., April 29, 1913:

In November, 1890, Turner, the plaintiff and appellant, recovered a judgment against one Siegler for about $32.00. On August 14, 1891, there was filed at the record of that judgment a written assignment dated May 25, 1891, executed by the plaintiff, reciting a valuable consideration and transferring to one Joseph Moore, then the plaintiff's

attorney, the judgment aforesaid. That assignment has remained of record unquestioned, during all the years that have elapsed until in February, 1912, the plaintiff in the judgment filed his petition in the court below for a rule to show cause why the assignment should not be set aside and stricken from the record. The rule was granted, an answer filed and the testimony of the parties was taken. The plaintiff could not deny his execution of the paper which had been filed. He was able to give no account of why it had been executed but made a general statement that he had never received anything for it. The respondent, on the contrary, testified that he had acted as counsel for the plaintiff in an attempt to collect that judgment. The property of the defendant had been swept away by an earlier writ on a larger judgment which left nothing for the smaller claim of the plaintiff. The respondent further testifies that the plaintiff expressed his dissatisfaction over the manner in which his claim had been managed and that under those circumstances he determined to take over the claim himself and pay to the petitioner the full value of it less some small fee due to him.

Upon this showing the learned court below, in an opinion filed, felt it to be his duty to discharge the rule, which he accordingly did, and the plaintiff appeals. We can discover nothing in the record which would warrant us in reaching the conclusion that the learned court below was guilty of any abuse of discretion. Considering the time that has elapsed, the insignificance of the amount involved, the weakness of the petitioner's testimony, and the apparently candid statement of the respondent, we are not able to say that the latter did not fairly discharge any burden imposed on him by the law because of the relation of counsel and client between the parties.

The appeal is dismissed at the costs of the appellant.